1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## SOUTHERN DISTRICT OF CALIFORNIA

9

10  SIERRA ANDERSON, an individual,

11                                              Plaintiff,

          vs.
12

13  DET. CORNELIUS, OFFICER WEBER,
    OFFICER RINDER, SILVIA
14  WILLIAMSON,

15                                              Defendants.

16

CASE NO. 10-CV-0689 - IEG (RBB)

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS
AMENDED COMPLAINT**

[Doc. No. 44]

17       Presently before the Court is a motion to dismiss brought by Defendants.  For the reasons

18  stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

19                                    <u>**BACKGROUND**</u>

20       The parties and the Court are well acquainted with Plaintiff's allegations, so the Court will

21  not recite them here.  In short, Plaintiff's amended complaint arises from injuries she allegedly

22  sustained when Defendants removed her seven month old son from her custody, as well as injuries

23  she allegedly sustained as a result of the continued detention of her son.

24       Plaintiff filed suit in this Court in April 2010.  [Doc. No. 1.]  Defendants filed a motion to

25  dismiss in July 2010.  After postponing its ruling on Defendants' motion to dismiss pending

26  receipt of documents from state court dependency proceedings, the Court granted in part and

27  denied in part Defendants' motion to dismiss.  [Doc. No. 41.]  Plaintiff filed an amended complaint

28  on April 19, 2011.  [Doc. No. 43.]  Defendants filed the present motion to dismiss on April 29,

    2011.  [Doc. No. 44.]  Plaintiff did not file a response in opposition.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

**DISCUSSION**

**I.     Federal Claims**

Defendants seek dismissal of Plaintiff's federal claims to the extent she asserts claims based on an unconstitutional policy or custom, and to the extent she asserts a due process claim based on the continued detention of her son. [See Defs.' Mot. at 3-6.]

The Court agrees with Defendants that the County is no longer a Defendant in this action and that, conclusory allegations aside, Plaintiff has not alleged enough facts to state a plausible claim based on an unconstitutional policy or custom. See Twombly, 550 U.S. at 555. The Court

1   also agrees with Defendants that Plaintiff cannot state a due process claim based on the continued

2   detention of her son, an issue the Court addressed in its March 29, 2011 Order.  [See Doc. No. 41.]

3   For the reasons stated herein, and for the reasons stated in the Court's March 29, 2011 Order, the

4   Court **DISMISSES WITH PREJUDICE** all of Plaintiff's federal claims except the due process

5   claim arising from the initial removal of her son on April 4, 2008.

6   **II.     State Law Claims**

7          **A.     California Tort Claims Act (CTCA) Compliance**

8          Defendants maintain Plaintiff's state law claims are subject to dismissal because she has

9   failed to allege compliance with the CTCA.  Under the CTCA, a plaintiff may not maintain an

10  action for damages against a public entity or a public employee unless he or she timely files a

11  notice of tort claim.  Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; Mangold v. California Pub.

12  Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995) ("The California Tort Claims Act requires, as a

13  condition precedent to suit against a public entity, the timely presentation of a written claim and

14  the rejection of the claim in whole or in part.").  A plaintiff's failure to allege compliance with the

15  presentation requirement of the CTCA results in dismissal of the state law claim.

16         In this case, Plaintiff does not explicitly allege compliance with the CTCA in her amended

17  complaint.  [See generally Am. Compl.]  But Plaintiff's amended complaint includes letters

18  indicating that Plainttiff submitted a written claim to the County of San Diego and that the claim

19  was rejected.  [Id.]  Defendants do not acknowledge those letters or attempt to explain why they are

20  insufficient to establish compliance with the CTCA.  [See generally Defs.' Mot.]  The Court

21  therefore **DENIES** Defendants' motion as it relates to CTCA compliance.  That is not to say

22  Plaintiff has satsfied all requirements of the CTCA; the Court concludes only that Defendants have

23  not demonstrated otherwise in their motion to dismiss.

24         **B.     California Constitution, Article I, Section 7**

25         Defendants also contend Plaintiff cannot state a claim under Article I, Section 7 of the

26  California Constitution because damages are not available for violations of that provision.  In

27  support of their contention, Defendants cite Bonner v. City of Santa Ana, 45 Cal. App. 4th 1465

28  (1996).

1   The California Supreme Court has articulated a framework for determining the existence of

2   a damages action based on a violation of a California Constitution.  See Katzberg v. Regents of

3   University of California, 29 Cal. 4th 300, 317 (2002).  Defendants do not attempt to explain why

4   damages are unwarranted under the Katzberg framework.  [See generally Defs.' Mot.]

5   Nonetheless, under the circumstances of this case, and given that there is an "adequate alternative

6   remedy for the harm alleged," McClelland v. City of Modesto, 2009 WL 2941480, at *11 (E.D.

7   Cal. Sept. 10, 2009), the Court concludes Plaintiff cannot state a claim for relief under Article I,

8   Section 7 of the California Constitution.  Accordingly, the Court **DISMISSES WITH**

9   **PREJUDICE** Plaintiff's claim for relief under the California Constitution.

10   **CONCLUSION**

11   Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART**

12   Defendants' motion to dismiss and **ORDERS** as follows:

13   1.   The Court **DISMISSES WITH PREJUDICE** all of Plaintiff's federal claims

14   except the due process claim arising from the initial removal of her son on April 4, 2008.

15   2.   The Court **DENIES** Defendants' motion to dismiss as it relates to CTCA

16   compliance.

17   3.   The Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for relief under the

18   California Constitution.

19   4.   Defendants shall file an answer within 14 days of the filing of this Order.

20   **IT IS SO ORDERED.**

21   **DATED:  July 13, 2011**

22   _____
    **IRMA E. GONZÁLEZ, Chief Judge**

23   **United States District Court**

24

25

26

27

28

4